A. Gary FIEGER, Plaintiff–Appellant,

v.

PITNEY BOWES CREDIT CORPORATION, Pitney Bowes Real Estate Financing Corporation, and Prefco XXII Limited Partnership, Defendants–Appellees.

Docket No. 02–9142.

United States Court of Appeals, Second Circuit.

July 7, 2003.

Clarence S. Barasch, New York, NY, for Appellant.

Neil Merkl (John Callagy, on the brief), Kelley Drye & Warren, LLP, New York, NY, for Appellee.

PRESENT: WINTER, B.D. PARKER, Circuit Judges, and DRONEY,* District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL

---

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of July, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant A. Gary Fieger appeals from a judgment of the Southern District of New York (Sidney H. Stein, *Judge* ) dismissing his claim against defendants-appellees Pitney Bowes Credit Corporation ("Pitney Bowes"), Pitney Bowes Real Estate Financing Corporation ("PREFCO"), and PREFCO XXII Limited Partnership ("PREFCO XXII").

Fieger sued defendants for breach of contract and quantum meruit, alleging that he was owed a commission for advisory services he performed in connection with PREFCO XXII's purchase and lease-back of corporate headquarters in Stamford, CT. Defendants moved for summary judgment, contending that New York law prohibited Fieger, a licensed real estate broker, from recovering any fee in connection with his activities because he had agreed to split the fee, a real estate commission, with Union Bank of Switzerland ("UBS"),

an unlicensed broker. *See* N.Y. Real Property Law §§ 440, 440–a, 442, and 442–d. The District Court agreed and granted summary judgment, dismissing the complaint.

We review the District Court's grant of summary judgment *de novo. See Mario v. P & C Food Mkts., Inc.,* 313 F.3d 758, 763 (2d Cir.2002). The undisputed facts before the District Court demonstrated that Fieger and UBS, on behalf of Pitney Bowes, UBS's client, attempted as intermediaries to negotiate an agreement between Pitney Bowes and Swiss Bank Corporation ("SBC") for the sale and lease-back of SBC's corporate headquarters. In doing so, Fieger and UBS engaged in classic brokerage activities, such as introducing the two principals and relaying information and draft proposals between them. Those facts also reflected that Fieger was a licensed real estate broker in the state of New York, that UBS was not, and that they agreed to share any fees earned from their services. Accordingly, the District Court correctly concluded that the fee Fieger seeks to recover is barred under New York law. We affirm for substantially the reasons given by Judge Stein in his thorough, thoughtful opinion.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.